## MOORE *v.* GREENHOW, Treasurer.

IN ERROR TO THE SUPREME COURT OF APPEALS OF THE STATE OF VIRGINIA.

*Antoni* v. *Greenhow*, 107 U. S. 769, deciding that the Act of Virginia of January 14, 1882, affords an adequate remedy to the tax-payers required to pay money in lieu of coupons in payment of a license tax affirmed; and a writ of *mandamus* against an officer of that State refused.

*Mr. William L. Royall, Mr. Daniel H. Chamberlain* [*Mr. William B. Hornblower* was with him on the brief], *Mr. Wager Swayne* and *Mr. William M. Evarts* for plaintiff in error.

*Mr. F. S. Blair,* Attorney General of the State of Virginia, *Mr. Richard T. Merrick* and *Mr. Attorney-General* for defendant in error.

Mr. Justice Matthews delivered the opinion of the court.

The plaintiff in error filed his petition, on April 26, 1884, in the Circuit Court of the City of Richmond, against Greenhow, the defendant, as treasurer of the City of Richmond, praying for a rule *nisi,* commanding the said Greenhow to show cause why a peremptory *mandamus* should not be awarded to the plaintiff, commanding the said treasurer to issue to the petitioner a certificate in writing stating that he had made the deposit required by law in payment of his license tax, as a sample merchant in said city. The petition set forth that the tender made in payment of this deposit consisted of coupons cut from bonds issued by the State of Virginia, and, by contract with the State therein declared receivable in payment of all taxes, debts, demands and dues to the State, and that the tender was refused by the treasurer, and a certificate of deposit withheld, because the 112th section of an act of the General Assembly of Virginia, approved March 15, 1884, for the purpose of assessing taxes on persons, property, and incomes and licenses, requires that all license taxes shall be paid in gold or silver coin, United States treasury notes, or national bank notes, and not in coupons, and another act of the General Assembly of the State, approved March 7, 1884, to regulate the granting of licenses, likewise forbids the payment of license taxes in coupons.

The alternative writ prayed for was denied by the Circuit Court of the City of Richmond, and, on a petition for a writ of error, its judgment dismissing the petition therefor was affirmed by the Supreme Court of Appeals of the State.

This being a case in which, by *mandamus,* the plaintiff in error seeks to compel the officers of the State of Virginia specifically to receive coupons instead of money in payment of

license taxes, it comes within the exact terms of the decision of a majority of this court in *Antoni* v. *Greenhow*, 107 U. S. 769, according to which the plaintiff in error is remitted to the remedy provided by the act of January 14, 1882, entitled "An Act to prevent frauds upon the Commonwealth and the holders of her securities in the collection and disbursement of revenues."

The judgment of the Supreme Court of Appeals of Virginia is, therefore,

*Affirmed.*

MR. JUSTICE FIELD and MR. JUSTICE HARLAN adhere to the views expressed in their dissenting opinions in *Antoni* v. *Greenhow*, but they agree that the principles announced by the majority in that case, if applied to the present case, require an affirmance of the judgment below.